[No. 9818.  Department One.  May 25, 1912.]

SPOKANE VALLEY LAND & WATER COMPANY, *Respondent*, v. ARTHUR D. JONES & COMPANY *et al.*, *Appellants*.[1]

EMINENT DOMAIN—COMPENSATION—EVIDENCE—ADMISSIBILITY.  In eminent domain proceedings for a right of way for an irrigation ditch, draining an arm of a lake, in which defendants' present and future loss was measured by the market value of the land at the time of the trial, it is proper to reject an offer of proof that, in preceding years while plaintiff was unlawfully draining the lake, the defendants' land not taken for the ditch was of much less value with the arm of the lake drained than it was without such drainage; since the sole purpose of the offer was to show damages prior to the proceeding in addition to the compensation to be awarded and claimed for the appropriation.

Appeal by defendants from a judgment of the superior court for Spokane county, Kennan, J., entered April 10, 1911, upon findings awarding damages for property appro-

[1]Reported in 123 Pac. 1014.

priated in condemnation proceedings, after a trial to the court. Affirmed.

*Post, Avery & Higgins,* for appellants.
*Allen & Allen* and *Cannon, Ferris & Swan,* for respondent.

PARKER, J.—This is an eminent domain proceeding, wherein the plaintiff seeks to condemn a right of way for an irrigation canal over land belonging to the defendants, and also such rights as they may have in the waters of Liberty Lake, excepting sufficient thereof for the irrigation of their land and for domestic purposes in connection therewith. The property sought to be condemned has been in the possession of the plaintiff since the year 1904, which was long prior to the commencement of this proceeding. The arm of Liberty Lake upon which appellants' land borders has been entirely drained and destroyed by the maintenance of the plaintiff's canal. This case was in this court upon a former appeal by the plaintiff from a judgment of the superior court awarding to the defendants compensation for their property rights which that court had held that the plaintiff was appropriating. That judgment was reversed and remanded to the superior court for a new trial by the decision of this court, reported in *Spokane Valley Land & Water Co. v. Jones & Co.,* 53 Wash. 37, 101 Pac. 515, where a statement of the history of the controversy and issues involved will be found. We need only add to the statement there made that the case was again tried in the superior court without a jury, resulting in findings and judgment awarding to the defendants the sum of $2,500, as compensation for the appropriation which the plaintiff seeks in this proceeding. From this judgment, the defendants have appealed.

It is first contended that the trial court erred in rejecting evidence offered by counsel for appellants which they claim tended to prove damages resulting to appellants prior to the trial, from the taking of all of the water from the arm of the

lake upon their land.   The entire offer of proof, the rejection of which is here complained of, is as follows:

"I offer to prove, by this witness, that in 1904, and '05, and '06, and '07, that the land, that is, this irrigable land, which was referred to in the previous question, on section 15, without water and in the way that it would be left according to the prayer of the petition of condemnation, and the way that it was left by this petitioner by building the ditch and taking all of the water, was not worth to exceed $25 an acre, while the land in the other way with the lake on it, the land outside of the lake, with the lake on it as it was and without any ditch or canal, with the water available from that lake, was worth on an average, during those years, $250 an acre, the market value."

The irrigable land referred to in this offer, is land of appellants bordering upon the arm of the lake which had been drained by respondent's canal, not land which is taken for right of way for the canal.

It is clear from the argument of counsel for appellants that this offer of proof was made for the sole purpose of showing damages resulting to appellants prior to the commencement of this proceeding, in addition to the compensation to be awarded to and claimed by them for the appropriation made under this proceeding.   The evidence tending to show appellants' damage resulting from the appropriation under this proceeding, was directed to and tended to show the amount of damage resulting to appellants as of the date of the trial.   Counsel for appellants, during the course of the trial, contended that this compensation be measured as of the time of the trial.   This contention was sustained by the trial court, and the evidence introduced accordingly. Now it seems to us that counsels' offer of proof, above quoted, is nothing more than an offer to prove a diminished market value of appellants' land which is claimed to be damaged, but not taken, at a time prior to the trial.   We are not able to see in the offer any proposed proof of the amount appellants were damaged by the loss of the use of the water in

the arm of the lake bordering upon their land, during those years. We have seen that all of appellants' present and future loss, resulting from the appropriation under this proceeding, was determined from evidence directed to the question of damages as of the time of the trial, as counsel for appellants insisted it should be so determined. This of course excludes all notion of permanent loss of the land or the use thereof resulting to appellants by what previously occurred in the nature of a trespass committed by respondent. To measure that alleged damage by market value of the land, and then measure the damage resulting from the appropriation under this proceeding by present market value, would be, in effect, to give appellants double damages. Whatever damage resulted to appellants prior to this condemnation and appropriation was only from the loss of the use of the land and water during those years. Proof of diminished market value alone, during those years—and no other proof was offered—furnishes no basis for measuring such damages. When the court rejected this offered proof, appellants were not deprived of the benefit of any proof which would have been of any avail to them in establishing damages prior to the time of the trial. This renders it unnecessary for us to discuss the question of whether or not such prior damages could be a subject of inquiry in this condemnation proceeding.

The trial court found the value of the land actually taken by respondent for the right of way for its canal, to be $2,500, and rendered judgment in appellants' favor for that sum, refusing to find that appellants were damaged in any greater amount, though requested to so find by counsel for appellants. No contention is made against the correctness of the finding as to the value of the land actually taken; but it is contended that the trial court erred in refusing to make requested findings that appellants were damaged in addition to the value of the land actually taken. This contention involves only the question of fact as to whether or not the land

of appellants bordering upon the arm of the lake which is drained and thereby destroyed by respondent's canal would have any greater value with the arm of the lake left in its original condition than that land now has, with the arm of the lake drained and its waters removed by respondent's canal. The evidence upon this question is in serious conflict, not only as to the character of the arm of the lake before being drained by respondent's canal, but also in the opinion evidence as to the purposes that land could be advantageously used for, with the arm of the lake left in its original condition. By consent of counsel for all the parties, the trial judge visited and viewed the land taken and claimed to be damaged by the maintenance of respondent's canal. We have carefully reviewed all of the evidence to which our attention has been called in the briefs touching this disputed matter, and are convinced therefrom that the trial court was fully warranted in its refusal to find that appellants suffered any damage from the draining of the arm of the lake by respondent's canal. We deem it unnecessary to review the evidence here.

The judgment is affirmed.

DUNBAR, C. J., GOSE, CROW, and CHADWICK, JJ., concur.